UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DALE E. BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17-cv-00110-JDL |
| | ) | |
| S.D. WARREN COMPANY d/b/a | ) | |
| SAPPI FINE PAPER NORTH | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Dale Burton has moved for a preliminary injunction ordering his former employer, Defendant S.D. Warren Company ("Sappi"), to evaluate Burton for Family Medical Leave Act leave and reinstate Burton's employment retroactive to February 24, 2017. ECF No. 16 at 1. For the reasons that follow, I deny the motion.

Burton worked for Sappi from 1980 until March 2, 2017. He contends that his employment was terminated because he was unable to work due to a serious medical condition. He asserts that Sappi was aware of his medical condition, but failed to evaluate him for leave as required by the Family Medical Leave Act (FMLA). He further asserts that Sappi should have been aware of his need for medical leave following a meeting on February 24, 2017, but that it wrongfully failed to evaluate him for leave and instead terminated his employment.

In order to obtain a preliminary injunction, Burton must demonstrate: "(1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim

relief, (3) a balance of equities in [his] favor, and (4) service of the public interest." *Arborjet, Inc. v. Rainbow Treecare Scientific Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). "A preliminary injunction is an 'extraordinary and drastic remedy' that 'is never awarded as of right.'" *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)) (internal citations omitted). The movant's likelihood of success on the merits "is the touchstone of the preliminary injunction inquiry." *Maine Educ. Ass'n Benefits Trust v. Cioppa*, 695 F.3d 145, 152 (1st Cir. 2012) (quotation omitted).

Burton has not demonstrated a likelihood of success on the merits. In order to show that he is likely to succeed on his FMLA interference claim, he must establish, among other things, that he was entitled to FMLA leave and that he gave his employer notice of his intention to take leave. *See Carrero-Ojeda v. Autoridad de Energía Eléctrica*, 755 F.3d 711, 722 n.8 (1st Cir. 2014). On the record before the Court, Burton has not established that he provided Sappi with sufficient notice of his intention to take leave. Burton's affidavit suggests that Burton's manager may have been aware that Burton had medical issues and that Burton's difficulties at work might be related to those issues. The affidavit also asserts that Burton's conversation with his manager resulted in Burton being examined by Sappi's medical department, and it was determined that Burton could still perform his job. The evidence does not show that Burton ever requested medical leave, or otherwise suggested that he needed time away from work to deal with a medical problem, prior to his termination. Accordingly, Burton has not demonstrated a likelihood of success on the merits.

Burton also has not shown that he will suffer irreparable harm if the Court does not issue a preliminary injunction. Nor has he shown that legal remedies would be inadequate. As the Supreme Court has stated, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quotation omitted). If Burton prevails on the merits, he will be entitled to back pay, reinstatement or front pay, and the value of any lost benefits or other compensation, as well was interest, attorney's fees and costs, and possibly liquidated damages. *See* 29 U.S.C.A. § 2617(a) (2017). These legal remedies would be adequate to compensate him for any damages he may incur during the pendency of the litigation. *See DeNovellis v. Shalala*, 135 F.3d 58, 64 (1st Cir. 1998) ("[A] temporary loss of income which may be recovered later does not usually constitute irreparable injury."); *see also Murray*, 415 U.S. at 90 ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.") (quotation omitted).

Burton argues that he will suffer irreparable harm absent a preliminary injunction because failure to issue an injunction will cause a general chilling effect on the exercise of rights under the FMLA by Maine workers, citing *Stagliano v. Herkimer Cent. Sch. Dist.*, 151 F. Supp. 3d 264 (N.D.N.Y. 2015). Burton has not, however, shown that a failure to order that he be retroactively evaluated for FMLA leave is likely to deter other employees from attempting to exercise their rights under the statute. *See Stagliano*, 151 F. Supp. 3d at 273 (noting that a plaintiff must show "some evidence of actual chill that would be cured by the requested injunction")

3

(quotation omitted). Burton does not allege that his employment was terminated in retaliation for requesting leave, or otherwise suggest how Sappi's failure to evaluate him for FMLA leave would dissuade his co-workers from attempting to exercise their rights. *Compare id.* (plaintiff submitted six affidavits from co-workers attesting to fear of requesting sick leave as a consequence of plaintiff's treatment by employer).

Because Burton has not demonstrated a likelihood of success on the merits and that he will suffer an irreparable injury if a preliminary injunction does not issue, his Motion for a Preliminary Injunction (ECF No. 16) is **DENIED**.

**SO ORDERED.**

**Dated this 19th day of May 2017**

/s/ JON D. LEVY
**U.S. DISTRICT JUDGE**