# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DALE E. BURTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) 2:17-cv-110-JDL |
| SD WARREN COMPANY d/b/a | ) |
| SAPPI FINE PAPER NORTH | ) |
| AMERICA | ) |
| | ) |
|     Defendant. | ) |

## ORDER ON PENDING MOTIONS AND TO SHOW CAUSE

On March 6, 2017, four days after Defendant SD Warren, Company ("Sappi") terminated Plaintiff Dale Burton's ("Burton") employment, Burton requested medical leave through the Family Medical Leave Act (the "FMLA"). Sappi denied Burton's request. In his Second Amended Complaint,[1] (ECF No. 43), Burton asserts that his termination violated the "FMLA," 29 U.S.C.A. § 2611, *et seq.* (2018) (Count I); as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101, *et seq.* (2018), and the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. § 4551, *et seq.* (2018) (Count II). On January 23, 2018, Sappi moved to dismiss the Second Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) upon which relief can be granted (ECF No. 48). On April 26, a few hours after the hearing was held on the

---

[1] Burton filed a proposed First Amended Complaint (ECF No. 36-1) with the Court in June, 2017, along with a request that it be considered only in the event that an earlier filed Motion to Stay was denied. The Motion to Stay was granted by an order dated July 26, 2017, which also stated that "Burton's [proposed First Amended Complaint], to the extent that it could be construed as a motion for leave to amend, is denied as moot." *See* ECF No. 42 at 2.

Motion to Dismiss, Burton filed a Motion for Leave to File an Amended Complaint (ECF No. 63).

After careful consideration of the parties' respective arguments, it is ORDERED as follows:

1. Plaintiff Dale E. Burton's Motion for Leave to File an Amended Complaint (ECF No. 63) is GRANTED. Plaintiff shall file his Third Amended Complaint within 3 days of this Order.

2. Defendant SD Warren Company's Motion to Dismiss the Second Amended Complaint (ECF No. 48) is DENIED as moot.

3. On or before September 4, 2018, Plaintiff shall show cause as to and address:

   A. Why he failed to plead in his Second Amended Complaint the new allegations pleaded in his Third Amended Complaint which, as explained in his filings with the Court, were based in whole or in part on records that were in his possession before he filed his Second Amended Complaint.

   B. Whether Plaintiff should be ordered to pay to the defendant its reasonable attorney's fees and costs incurred in prosecuting its Motion to Dismiss the Second Amended Complaint and all related matters as a sanction for Plaintiff's failure to plead facts that were known or should have been known to him at the time the Second Amended Complaint was filed. Plaintiff should also address whether, in the event an award is ordered, the award of fees and costs should be assessed against the Plaintiff individually or his counsel.

4. Within fourteen (14) days of Plaintiff's submission pursuant to paragraph 3, Defendant shall file its memorandum in response together with an affidavit setting forth its legal fees and costs incurred in connection with the filing and prosecution of its Motion to Dismiss the Second Amended Complaint and all related matters.

5. Within five (5) days of the filing of Defendant's memorandum and affidavit, Plaintiff may file a memorandum in reply.

**SO ORDERED.**  Dated: **August 23, 2018**

                                                            /s/ **JON D. LEVY**
                                                         **U.S. DISTRICT JUDGE**