UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DALE E. BURTON, )<br>)<br>Plaintiff )<br>v. )<br>)<br>S.D. WARREN COMPANY d/b/a SAPPI )<br>FINE PAPER NORTH AMERICA )<br>)<br>Defendant ) | No. 2:17-cv-00110-JDL |

### MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS DESIGNATION

Defendant S.D. Warren Company d/b/a Sappi Fine Paper North America ("Sappi") moves to strike plaintiff Dale E. Burton's May 31, 2019, designation of treating counselor Lynn Hamilton as an expert witness on the bases that it is untimely, made in bad faith, and incomplete. *See* Defendant's Motion To Strike Plaintiff's Supplemental Expert Witness Designation ("Motion") (ECF No. 122) at 7-10.[1] Because I find that the plaintiff's late designation was substantially justified and harmless, and the defendant's completeness argument is not ripe, the Motion is denied.

### I. Applicable Legal Standard

"In addition to the disclosures required by [Federal] Rule [of Civil Procedure] 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). If the witness must provide a written report, unless otherwise stipulated or ordered by the court, the disclosure must be accompanied by a written report containing six categories of information. *See*

---

[1] The defendant states that its proper legal name is Sappi North America, Inc. *See* Motion at 1 n.1. In the absence of a motion to correct its name as it appears in the ECF case caption, I continue to use the name set forth therein.

Fed. R. Civ. P. 26(a)(2)(B). If the witness need not provide a written report, unless otherwise stipulated or ordered by the court, the disclosure must state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

In this case, the court's scheduling order required the plaintiff to designate all experts required to be disclosed pursuant to Rule 26(a)(2)(A), including treating physicians, and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor, by December 18, 2018. *See* ECF No. 90 at 2.

"If a party fails to . . . identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden is on the party that has failed to comply with discovery deadlines to establish that his failure is harmless or substantially justified." *U.S. Bank Nat'l Ass'n v. James,* Civil No. 09-84-P-JHR, 2010 WL 1416126, at *6 (D. Me. Apr. 5, 2010).

## II. Factual Background

The plaintiff, a former longtime employee of the defendant, brings claims for (i) disability-based discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Maine Human Rights Act, 5 M.R.S.A. § 4551 *et seq.*, and (ii) interference with his rights pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, in connection with his termination from employment on March 2, 2017. Third Amended Complaint (ECF No. 81) ¶¶ 1, 81-104.

On December 18, 2018, the plaintiff designated one expert, Morgan M. Buehner, M.D., whom he indicated had begun providing him care in August 2018. F.R.Civ.P. 26(a)(2)(A) Designations ("Buehner Desig."), Exh. 1 (ECF No. 122-1) to Motion, at 1. He stated that Dr. Buehner had examined him and assessed him with "obstructive sleep apnea (potentially including a sleep-wake cycle disorder), hypertension, uncontrolled type 2 diabetes mellitus, hypercholesterolemia, depression with anxiety (associated with panic attacks and potentially including an attention deficit disorder) and memory impairment[,]" and that, in her opinion, "[t]hese conditions, many of which are poorly controlled, likely contributed and continue to cause Burton difficulty with concentration, memory, and filtering outbursts." *Id*.

On May 9, 2019, in response to a motion filed by the defendant to amend the parties' scheduling order deadlines, the plaintiff indicated that "[t]he parties are faced with an evolving diagnosis and treatment picture which is not the result of dilatory conduct by either party[.]" ECF No. 113 at 1. He explained that, after a 20-year hiatus, he had resumed seeing Ms. Hamilton twice a week as of March 28, 2019, and was scheduled to see a psychiatrist, Dr. Matthew Johnson, on May 15, 2019. *Id*. at 3. He represented that, on May 3, 2019, his counsel had informed the defendant's counsel that he would "need to supplement his expert witness designation to include counselor Hamilton and potentially Dr. Johnson[,]" and the defendant's counsel had initially indicated that the defendant would object. *Id*.

On May 23, 2019, the defendant filed a reply in support of its motion to amend the scheduling order, arguing that "the Court should not grant Plaintiff carte blanche to reconfigure his expert testimony, more than five (5) months after his original designation, years after his termination, and without timely requesting an extension of his expert designation deadline." ECF No. 115 at 5.

On May 31, 2019, the plaintiff designated Ms. Hamilton as a "supplemental" expert witness. Burton's Supplemental Expert Witness Designation ("Hamilton Desig."), Exh. 4 (ECF No. 122-4) to Motion. He stated that Ms. Hamilton had initially counseled him from May 1993 through October 1994 in conjunction with treating a family member and, from September 2003 through early 2004, had provided family therapy that included him. *Id*. He indicated that, per Dr. Buehner's recommendation, he had returned to Ms. Hamilton on March 28, 2019, and had been receiving regular treatment since that time. He summarized her opinion as follows:

> Hamilton believes that Burton suffers from chronic depression with anxiety. This condition, apparently conjoined in approximately 2016 and early 2017 with emergent memory and concentration problems, resulted in Burton experiencing stress and incidents of emotional dysregulation at work with Sappi.
>
> Hamilton believes that with treatment this condition can be managed, that Burton has work capacity, and that Burton would benefit from resuming work.

*Id*. at [2].

On June 4, 2019, I held a teleconference with counsel to discuss the defendant's pending motion to amend the scheduling order, including the impact of the Hamilton and potential Johnson designations. ECF No. 121. The plaintiff's counsel confirmed that his client intended to designate only two experts: Dr. Buehner and Ms. Hamilton. The defendant's counsel requested, and I granted, leave to file the instant motion to strike the Hamilton designation. *Id*. I also granted in part the defendant's motion to amend the scheduling order, extending its deadline to designate expert(s) to June 18, 2019, the discovery deadline to July 19, 2019, and the Local Rule 56(h) notice deadline to July 26, 2019, as well as moving the case from the July 2019 to the September 2019 trial list. *Id*.[2]

---

[2] On motion by the defendant, I had previously extended its expert designation deadline from January 22, 2019, to April 19, 2019. ECF Nos. 108, 111.

On July 2 and 3, 2019, I held two unrelated discovery teleconferences with counsel, following which I further extended the discovery deadline to July 26, 2019. ECF No. 130.

### III. Discussion

The defendant argues that the Hamilton designation should be stricken because it is (i) untimely, having been served without leave of court nearly six months after the plaintiff's expert designation deadline, (ii) made in bad faith, representing "yet another attempt to recast his claim" and "again shift the focus of his disability claim and the alleged reasoning for his inappropriate workplace behavior" when he is already subject to an order to show cause for failure to plead facts in earlier complaints that were within his knowledge, and (iii) incomplete, in that it is "bereft of the basis for Hamilton's opinions regarding Burton's alleged chronic depression and anxiety" and does not make clear whether "Hamilton will opine that Burton's specific behaviors at Sappi leading to his termination are related to an underlying medical condition or not." Motion at 7-9.

For the reasons that follow, I conclude that (i) the plaintiff demonstrates that his failure to designate Ms. Hamilton by his December 18, 2018, deadline is both substantially justified and harmless, (ii) the plaintiff meets the good cause and excusable neglect standards of Federal Rule of Civil Procedure 6(b)(1)(B) to extend his expert designation deadline to May 31, 2019, solely for the purpose of designating Ms. Hamilton, and (iii) the matter of the designation's completeness is unripe for resolution by the court.

### A. Untimeliness of Designation

#### 1. Substantial Justification

As the plaintiff observes, *see* Plaintiff's Opposition to Defendant's Motion To Strike Supplemental Expert Witness Designation ("Opposition") (ECF No. 123) at 7, he could not have

timely designated Ms. Hamilton because he did not begin his recent course of treatment with her until March 28, 2019, well past his December 18, 2018, expert designation deadline. He represents that his counsel placed the defendant's counsel on notice of a need to designate Ms. Hamilton as an expert witness by May 3, 2019. *See id.* In any event, he placed the court, as well as the defendant, on notice of that intention through his May 9, 2019, response to the defendant's motion to amend scheduling order deadlines. *See* ECF No. 113 at 1-3. When the defendant stated, in its May 23, 2019, reply in support of its motion to amend scheduling order deadlines, that it would oppose the designation, *see* ECF No. 115 at 2-5, the plaintiff designated Ms. Hamilton shortly thereafter, on May 31, 2019. His designation was made within a reasonable period following his recommencement of treatment with Ms. Hamilton on March 28, 2019.[3]

The defendant, nonetheless, argues that the Hamilton designation was made in bad faith, constituting yet another attempt by the plaintiff to shift the goal posts and recast his claim – in effect, a continuation of the conduct with respect to which he is subject to an August 23, 2018, order to show cause why he failed to plead allegations in his Second Amended Complaint that were based in whole or in part on records within his possession before he filed it. *See* Motion at 7-9 (citing *Downing v. Select Rehab., Inc.*, No. 2:16-cv-00552-GZS, 2017 WL 3820946 (D. Me. Aug. 31, 2017)); Order on Pending Motions and To Show Cause (ECF No. 80).

Specifically, the defendant protests that, while Ms. Hamilton plans to testify that the plaintiff's depression and anxiety, together with emergent memory and concentration problems, caused him to experience stress and incidents of emotional dysregulation at work, nothing in the Third Amended Complaint or prior complaints alleged that (i) the plaintiff suffered from

---

[3] Regardless of whether the plaintiff first mentioned the possibility of designating Ms. Hamilton to the defendant on May 3 or May 9, my analysis remains the same.

depression, (ii) such depression caused inappropriate workplace behaviors, or (iii) the defendant knew about his alleged depression. *See* Motion at 8-9.

As a threshold matter, as the defendant acknowledges, *see id*. at 4, the court has made no ruling that the plaintiff engaged in sanctionable litigation conduct. Chief Judge Levy reserved ruling on the question of sanctions until after the entry of a verdict or the entry of an order granting a dispositive motion. *See* Order (ECF No. 94).

Beyond that, the plaintiff makes a persuasive case that the Hamilton designation was not the product of bad faith. He explains that, as of the time he filed the Third Amended Complaint, he had not yet seen Dr. Buehner, who first concentrated on the potential significance of his anxiety and depression during an appointment on December 14, 2018. *See* Opposition at 6. Indeed, when the plaintiff designated Dr. Buehner four days later, he noted that she would opine that his conditions, including "depression with anxiety (associated with panic attacks and potentially including an attention deficit disorder)[,] . . . likely contributed and continue to cause Burton difficulty with concentration, memory, and filtering outbursts." Buehner Desig. at 1.

As the plaintiff notes, *see* Opposition at 8, Ms. Hamilton's assessment "expands on" that of Dr. Buehner in identifying depression with anxiety as contributing to "stress and incidents of emotional dysregulation at work[,]" *compare* Hamilton Desig. at [2] *with* Buehner Desig. at 1. Finally, as the plaintiff points out, *see* Opposition at 9-10, the defendant's own forensic expert, David J. Bourne, M.D., independently concluded after examining him on June 7, 2019, and reviewing "voluminous" treatment and other records, that he suffers from a well-documented major depressive disorder, recurrent and severe, with "chronic symptoms of anxiety, and a remote history of panic attacks," Letter dated June 13, 2019, from David J. Bourne, M.D., to Melinda Caterine, Esq., Exh. 1 (ECF No. 123-1) to Opposition, at 1-2. In the circumstances, neither the

plaintiff's shift in focus to depression with anxiety nor the timing of the Hamilton designation fairly can be characterized as the product of bad faith.

*Downing* is distinguishable in that, there, the defendant made no attempt to demonstrate that its service on the plaintiff, a week prior to the close of discovery, of a supplemental report of a previously disclosed expert that materially expanded upon its initial designation was either justifiable or harmless. *See Downing*, 2017 WL 3820946, at *7.

The plaintiff, hence, demonstrates that his late designation of Ms. Hamilton is not the product of bad faith and is substantially justified.

### 2. Harmlessness

The defendant argues that it will be "severely prejudice[d]" if the plaintiff is permitted to designate Ms. Hamilton "at this late date" because it "has already expended considerable resources" working through a discovery dispute regarding the Buehner designation, obtaining and reviewing Dr. Buehner's records, deposing Dr. Buehner, deposing the plaintiff's neurologist, Dr. Eric Dinnerstein, obtaining and reviewing Dr. Dinnerstein's records, and arranging for Dr. Bourne's examination of the plaintiff so that it could designate its own expert. Motion at 5, 8.

As the plaintiff rejoins, *see* Opposition at 5-6, the defendant received two extensions of its original January 22, 2019, expert designation deadline, effectively providing it approximately five months following the plaintiff's expert designation deadline, rather than the customary five weeks, to designate its own expert(s). The plaintiff designated Ms. Hamilton on May 31, 2019, prior to Dr. Bourne's June 7, 2019, examination of the plaintiff and after the defendant had filed a motion to extend scheduling order deadlines that was granted on June 4, 2019, extending its deadline to designate experts to June 18, 2019. As noted above, Dr. Bourne independently concluded, as had Dr. Buehner and Ms. Hamilton, that the plaintiff suffers from depression with anxiety. To the

8

extent that the defendant asserts that it is prejudiced by a need to follow up on the Hamilton designation prior to designating its own expert(s), as I explained during my June 4 teleconference with counsel, the customary five weeks between the plaintiff and the defendant's expert designation deadlines frequently require the defendant to designate before all relevant discovery has been completed.

Accordingly, I conclude that there is no prejudice to the defendant in the allowance of the untimely Hamilton designation. Indeed, as I observed during the June 4, 2019, teleconference, it would be inequitable to strike the plaintiff's untimely but justifiably late designation of Ms. Hamilton when the court has granted the defendant's requests for extensions of its own expert designation deadline.[4]

### B. Sufficiency of Designation

Rule 26 provides, in relevant part, that, as concerns expert witnesses such as Ms. Hamilton who need not provide a written report, "[u]nless otherwise stipulated or ordered by the court," a party need only disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ.

---

[4] As the defendant notes, *see* Motion at 7, the plaintiff must separately meet the good cause and excusable neglect standards of Rule 6(b)(1)(B) for extension of his deadline to designate experts. That rule provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is a balancing test which requires an equitable determination, taking account of all relevant circumstances surrounding the party's omission. These circumstances include: the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Roberge v. Lupo LLC*, 254 F.R.D. 21, 24 (D. Me. 2008) (citation and internal quotation marks omitted). While the plaintiff should have, and did not, file a motion to extend time, he placed the court on notice of his intent to make the Hamilton designation as of May 9, 2019, *see* ECF No. 113 at 3, and I discussed the matter with counsel for both sides during the June 4, 2019, teleconference. Treating the May 9 filing and June 4 discussion as a motion to extend time, I grant the motion, finding the requisites of Rule 6(b)(1)(B) satisfied for the same reasons as I find the late designation both substantially justified and harmless.

P. 26(a)(2)(C).[5] As the defendant points out, the court's scheduling order provides that, even as to treating physicians, a party must "provide a complete statement of all opinions to be expressed and the basis and reasons therefor[.]" Motion at 9 (quoting ECF No. 90 at 2).

The defendant argues that the Hamilton designation "is bereft of the basis for Hamilton's opinions regarding Burton's alleged chronic depression and anxiety[,]" "Burton has produced no records from Hamilton related to any treatment underlying these opinions[,]" "it is not clear if Hamilton will opine that Burton's specific behaviors at Sappi leading to his termination are related to an underlying medical condition or not[,]" and it is also unclear whether Hamilton, an unlicensed social worker, is qualified to diagnose chronic depression or anxiety or perform psychotherapy. Motion at 9-10.

These points are unripe for court resolution in the absence of any indication that the defendant's counsel has made a good-faith effort to address them with the plaintiff's counsel prior to seeking the court's assistance, as required by Local Rule 26(b). *See, e.g., White v. Meador*, 215 F. Supp.2d 215, 221 (D. Me. 2002) ("Counsel must at least give opposing counsel a timely opportunity to remedy omissions in the required designations before seeking assistance from the court in obtaining the necessary information, which should also be done well before the close of discovery.").

### IV. Conclusion

For the foregoing reasons, the defendant's motion to strike the plaintiff's expert designation of Ms. Hamilton is **DENIED**.

---

[5] Rule 26 requires the provision of a written report when "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 18th day of July, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge